# IN THE COURT OF APPEALS OF IOWA

No. 16-0406
Filed January 25, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AUSTIN LEE MURRAY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Timothy J. Finn, Judge.

A defendant appeals his sentence.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kristin Guddall (until withdrawal) and Kevin Cmelik, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

Austin Murray appeals his sentence following his guilty plea to lascivious acts with a child, in violation of Iowa Code section 709.8(1) (2015). Murray claims the district court abused its discretion in sentencing him without giving proper consideration to his individual characteristics.

On August 25, 2015, the State charged Murray with two counts of sexual abuse in the second degree, in violation of Iowa Code sections 709.1 and 709.3(1)(b). On January 4, 2016, following the filing of an amended trial information, Murray pled guilty to one count of lascivious acts with a child. As part of the plea agreement, the State and Murray agreed to a joint recommendation of a term of imprisonment not to exceed ten years. At sentencing, the district court stated it had considered the evidence, Murray's background, including Murray's report that he had been a victim of sexual assault as a child, and the nature of the offense. The court also noted in its written order it had examined the presentence investigation report and the exhibits presented by Murray at the sentencing hearing. Ultimately, the court agreed with the joint recommendation of the parties and sentenced Murray to a term of imprisonment not to exceed ten years.

When a sentence falls within statutory limits, we review it for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). In pronouncing sentence, courts should receive and examine all pertinent information and exercise its discretion to craft a sentence that "provide[s] maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. In

exercising its discretion, the court "should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (citations omitted).

The record reflects the district court properly exercised its discretion in sentencing Murray. While it did not provide an exhaustive analysis of the factors it considered in pronouncing sentence, the court outlined appropriate factors in its oral pronouncement and its written order. Additionally, the court received and examined all pertinent information submitted by the parties into the record to aid in its application of the factors. Further, the court's discussion of the record indicates it was familiar with the individual circumstances of Murray's case and relied on those circumstances, along with the joint recommendation of the parties, in sentencing Murray. Accordingly, we conclude the district court did not abuse its discretion.

Therefore, we affirm Murray's sentence.

**AFFIRMED.**